UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JEROME MARQUEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CA DEPT. OF CORRECTIONS AND REHAB.,<br><br>　　　　　Defendant. | Case No. 20-01171 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

　　　Plaintiff, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983.  Dkt. No. 1.  Plaintiff has paid the filing fee.  Id.

**DISCUSSION**

A.　**Standard of Review**

　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that he was unjustly found guilty of a Rules Violation Report because the Chief Disciplinary Officer, Lt. R. Martinez, who found him guilty was the same officer who issued the RVR. Dkt. No. 1 at 3. Plaintiff claims this violated his right to due process. Id. Plaintiff seeks the restoration of privileges and good time credits, as well as damages. Id.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." Skinner, 562 U.S. at 533-34 (quoting Wilkinson, 544 U.S. at 82). But a challenge to a disciplinary finding that resulted

2

in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." Id. at 525.

Here, Plaintiff is alleging a due process violation in connection with a disciplinary hearing that resulted in the revocation of good time credits. If he succeeds in this action and the good times credits are restored, that would "necessarily spell speedier release." Id. Accordingly, this action should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. Id.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for the alleged violation of due process in connection with his disciplinary hearing by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Lastly, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck also bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Accordingly, Plaintiff may only pursue a claim for damages in connection with the unlawful deprivation of time credits if he prevails on the habeas action challenging the revocation of those credits.

# CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice to filing as a new habeas action under 28 U.S.C. § 2254.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** 7/1/2020

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.20\01171Marquez_dism(cr-hc)

4